UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROLAND RANDALL,**     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-955** |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ET AL.**     Defendants | **SECTION "E" (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand,[1] filed by Plaintiff Roland Randall ("Plaintiff"), and an Opposition to Plaintiff's Motion to Remand,[2] filed by Progressive Security Insurance Company ("Progressive") and joined in by Travelers Property Casualty Company of America ("Travelers"), Russel McCall's Inc. ("RMI"), and Poly Beyan.

## BACKGROUND

On or about February 3, 2020, Plaintiff alleges he was stopped behind a semi-tractor making a right-hand turn.[3] In order to execute the turn, the semi reversed, and collided with Plaintiff's vehicle.[4] On or about September 8, 2020, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, naming as defendants: (1) Poly Beyan, the driver of the semi; (2) RMI, Poly Beyan's employer on the date of the accident; (3) Travelers, RMI's insurer, and (4) Progressive, Plaintiff's UM/UIM carrier.[5]

In his state court petition, Plaintiff alleges Travelers had in effect a policy of

---

[1] R. Doc. 24.
[2] R. Doc. 34. The Opposition was filed by Progressive. Travelers, RMI and Poly Beyan filed a motion to join in Progressive's opposition to plaintiff's motion to remand, "re-assert[ing], re-alleg[ing], re-aver[ing] each and every allegation plead in Progressive's . . . Opposition to Plaintiff's Motion to Remand." R. Doc. 37 at p. 1.
[3] R. Doc. 34-9, ¶ II–IV. (state court Petition)
[4] *Id.*
[5] *Id.* at ¶ I, VII-IX.

1

insurance at the time of the accident covering RMI and its employees, including Poly Beyan.[6] Plaintiff also alleges Progressive issued to him a policy of uninsured/underinsured motorist insurance ("UM/UIM policy"), in effect at the time of the accident.[7] Plaintiff further alleges "the evidence in this case will reflect that Poly Beyan has basis for uninsured/underinsured status."[8]

Before removal, the parties litigated this action in state court. During that time, the parties engaged in fairly extensive discovery. Specifically, Plaintiff was deposed;[9] Poly Beyan was deposed;[10] Progressive propounded interrogatories and requests for production to Plaintiff, and Plaintiff answered;[11] Progressive propounded interrogatories and requests for Production to Travelers, and Travelers answered;[12] Travelers, RMI and Poly Beyan propounded interrogatories and requests for production to Plaintiff, and Plaintiff answered;[13] and Travelers also propounded requests for admission to Plaintiff, and Plaintiff answered.[14]

Plaintiff's deposition was held on April 14, 2021. Thereafter, Progressive concluded that Plaintiff's damages would not exceed the $1,000,000.00 limit of the underlying Travelers' liability policy.[15] On May 14, 2021, Progressive filed a Notice of Removal in this Court, arguing that subject matter jurisdiction exists under 28 U.S.C. § 1332.[16] Poly Beyan, RMI and Travelers consented to the removal and joined in the notice of removal.[17] The

---

[6] *Id.* at ¶ VII–VIII.
[7] *Id.* at ¶ IX.
[8] *Id.*
[9] R. Doc. 34-8
[10] R. Doc. 34-3.
[11] R. Doc. 34-1.
[12] R. Doc. 34-5.
[13] R. Doc. 34-6.
[14] R. Doc. 5-1.
[15] R. Doc. 1 at p. 2. *See* also R. Doc. 2-1.
[16] R. Doc. 1.
[17] R. Doc. 20.

Court, therefore, treats the Notice as filed by all Defendants. In the Notice, Defendants allege the amount in controversy exceeds $75,000.[18] Defendants further allege Plaintiff is a domiciliary of Louisiana; Poly Beyan is a domiciliary of Texas; RMI is a Georgia corporation; Travelers' is a Connecticut corporation; and Progressive is a Louisiana corporation.[19] Defendants argue that federal jurisdiction exists because Progressive was improperly joined as a party and, as a result, its citizenship should be ignored.[20]

On June 14, 2021, Plaintiff filed a Motion to Remand to state court, arguing Progressive was not improperly joined because Plaintiff has a "reasonable possibility of recovery against Progressive."[21] Plaintiff did not challenge the timeliness of removal or whether the amount in controversy is met.[22] Progressive filed an opposition to Plaintiff's motion to remand, arguing there is no reasonable basis for predicting Plaintiff will recover against Progressive and that, as a result, Progressive was improperly joined.[23] Progressive attached summary judgment type evidence in support of its opposition.[24] On July 1, 2021, Travelers, RMI and Poly Beyan filed a motion to join in Progressive's opposition to plaintiff's motion to remand.[25] The Court, therefore, treats the opposition as having been filed on behalf of all Defendants.

## **LAW AND ANALYSIS**

Federal courts are courts of limited subject matter jurisdiction, and they possess only the power authorized by the Constitution and by statute.[26] Under 28 U.S.C. § 1441, a

---

[18] R. Doc. 1, at p. 2.
[19] *Id.* at p. 1–2.
[20] *Id.* at p. 2.
[21] R. Doc. 24 at p. 3.
[22] *See* R. Doc. 24,
[23] R. Doc. 34.
[24] *See* R Doc. 34-1—R Doc. 34-12.
[25] R. Doc. 37.
[26] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

defendant may remove an action from state court to federal court if the plaintiff could have originally brought the action in federal court.[27] At any time before final judgment a federal court must remand if it appears subject matter jurisdiction is lacking because subject matter jurisdiction *must* exist for removal to be proper.[28] When the basis for removal is diversity, the requirements of 28 U.S.C. § 1332 must be met for the case to be properly removed to federal court. Section 1332 requires the action to be between citizens of different of states, and to involve an amount in controversy exceeding $75,000, exclusive of interest and costs.[29]

Under *Strawbridge v. Curtiss,* "between citizens of different states," means all the plaintiffs must be from a different state from all the defendants.[30] Therefore, removal is improper if a plaintiff names a defendant who is from the same state as the plaintiff. The strict requirement of complete diversity would allow a plaintiff to name as a defendant any individual from his or her home state to defeat removal. The federal courts developed the concept of "improper joinder" to prevent sham, illegitimate joinders of home-state defendants.[31]

There are two ways to establish improper joinder: (1) to show that the plaintiff engaged in actual fraud in the pleading of jurisdictional facts, or (2) to show the inability of the plaintiff to establish a cause of action in state court against the non-diverse party.[32] In its Notice of Removal, Progressive argued Plaintiff engaged in actual fraud in pleading of jurisdictional facts;[33] however, in its opposition to Plaintiff's motion to remand,

---

[27] *See* 28 U.S.C. § 1441.
[28] *Id.* § 1447(c).
[29] 28 U.S.C. § 1332.
[30] 7 U.S. (3 Cranch) 267 (1806).
[31] *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir.1968).
[32] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).
[33] R. Doc. 1.

4

Progressive does not argue Plaintiff engaged in actual fraud in pleading of jurisdictional facts, and the Court will not address this argument.[34] Thus, only the second way of proving improper joinder is at issue in this case—whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff will recover against the non-diverse defendant.[35]

In *Smallwood v. Illinois Railroad Co.*, the Fifth Circuit addressed the uncertainty surrounding the proper method for determining whether a plaintiff has a reasonable basis of recovery under state law against the in-state defendant. The Fifth Circuit explained that a court may either

> [C]onduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[36]

"Merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not [improper]."[37] The party alleging improper joinder bears the burden of persuasion, and the burden is a heavy one.[38] All contested issues of substantive fact are to be resolved in favor of the party seeking to remand the case.[39] When a defendant removes a case to federal court and alleges improper joinder, the first question a district court must address is whether the removing party has carried the heavy burden of proving

---

[34] *See* R. Doc. 34.
[35] *Smallwood v. Illinois R.R. Co.*, 385 F.3d 568, 573 (citing *Travis*, 326 F.3d at 646–47).
[36] *Id.*
[37] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).
[38] *B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).
[39] *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Ci. 21995).

that the joinder was improper.[40]

If the defendant argues there is "no reasonable basis" to predict the plaintiff will recover against the non-diverse defendant, the defendant may challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. If there has been discovery, and summary judgment type evidence is provided "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment. . . . A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."[41] The court has discretion in those circumstance to pierce the pleadings and analyze the improper joinder claim based on that evidence.[42]

Plaintiff initially filed this action in state court in Louisiana. Progressive, a Louisiana corporation, filed a notice of removal in this Court. Under the forum defendant rule of 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[43] The citizenship of Progressive, a Louisiana "forum defendant," does not form the basis for removal. However, Travelers, RMI, and Poly Beyan, all non-forum defendants, joined in, and adopted as their own, the Notice of Removal and the opposition to Plaintiff's motion to remand.[44] In their opposition to Plaintiff's motion to remand, all Defendants argue Progressive is improperly joined. The Court will, therefore, treat the

---

[40] *Smallwood*, 385 F.3d at 576.
[41] *Id* (quoting *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)).
[42] *Hornbuckle*, 385 F.3d at 542.
[43] 28 U.S.C. 1441(b)(2).
[44] *See* R. Docs. 20, 37.

notice of removal and the opposition to the motion to remand as having been filed by Travelers, RMI and Poly Beyan, and will consider the improper joinder arguments as having been lodged by Travelers, RMI and Poly Beyan.[45]

Progressive provided UIM coverage to Plaintiff under a policy of insurance that was in effect on the date of the accident.[46] Assuming Plaintiff is in compliance with the terms of the policy and made a proper demand upon Progressive, Plaintiff's complaint alleges a claim against Progressive that is reasonably arguable under Louisiana law. That does not, however, resolve the improper joinder issue. In this case, the parties engaged in fairly extensive discovery—depositions, interrogatories, requests for production, and requests for admission—and summary judgment evidence was submitted to the Court in support of the opposition to the motion to remand.

The Court's decision to pierce the pleadings is consistent with *Ameen v. Merck & Co., Inc.*, in which the Fifth Circuit approved the district court's decision to conduct a summary inquiry into the evidence, noting that

> Ameen's deposition testimony provided the foundation for the removal, as her deposition was the 'new paper or event that changed the facts regarding the removableness of the case.' As such, the district court would have been unable to appreciate fully the basis for its possible jurisdiction without examining the deposition. *Smallwood* does not require a different result. It and its progeny have explicitly allowed limited discovery in determining improper joinder, particularly when, as here, the discovery forms the basis for the removal. Accordingly, the district court's decision to consider the deposition was not an abuse of discretion.[47]

The Court will, in exercise of its discretion, pierce the pleadings and consider the evidence submitted to determine whether Plaintiff has a reasonably arguable claim against

---

[45] *See, e.g., Wilson v. Republic Iron & Steele Co.*, 257 U.S. 35, 35–7 (1921).
[46] R. Doc. 34-4.
[47] 226 F. App'x 363, 369 (5th Cir. 2007). *See also Guillory v. PPG Industries, Inc.*, 434 F.3d 303 (5th Cir. 2005) (approving district court's decision to pierce the pleadings and conduct summary inquiry where ten months of discovery had taken place).

Progressive.

RMI had an insurance policy with Traveler's in effect on the date of the February 20, 2020 accident which gave rise to this lawsuit.[48] According to Traveler's insurance policy, the commercial automobile liability limit was $1,000,000.[49] Plaintiff's complaint alleges Progressive faces potential liability to Plaintiff for the losses suffered in the subject accident as Plaintiff's UIM carrier because Beyan is allegedly underinsured.[50] Under Progressive's policy of insurance provided to Plaintiff, an underinsured motorist or vehicle is defined as one to which "a bodily injury liability bond or policy applies at the time of the accident, but the total automobile liability insurance coverage applicable to the vehicle is less than the damages that an insured person is legally entitled to recover from the owner or operator of the vehicle."[51] Because RMI's policy provided coverage up to $1,000,000.00, Progressive is potentially liable to Plaintiff for UIM coverage only if Plaintiff's losses exceed $1,000,000.00. The Court will, therefore, conduct a summary inquiry into the evidence presented to determine whether there is "any reasonable possibility," that Plaintiff may recover damages in excess of $1,000,000.00.

On review of the evidence submitted, the Court finds there is no such reasonable possibility. Plaintiff has treated with four medical providers since the accident, and is currently only treating with one.[52] According to the medical bills submitted, the total incurred thus far is less than $19,000.[53] Although Plaintiff is still undergoing treatment, Plaintiff admitted in his deposition that surgery is not recommended for him, nor is

---

[48] R. Doc. 2-1, at p. 45–412.
[49] R. Doc. 34-9 at ¶ 9.
[50] R. Doc. 11-1 (state court complaint).
[51] R. Doc. 34-4.
[52] R. Doc. 34-8; 34-1.
[53] R. Doc. 34-7, 34-12

chiropractic care or physical therapy.[54] Plaintiff also admitted he is not seeking damages for lost wages or loss of earning capacity.[55] Plaintiff's property damage claim has been resolved.[56] By pointing to summary judgment type evidence, the Defendants have demonstrated there is no arguably reasonable basis for the Court to predict that Plaintiff will recover in excess of the $1,000,000.00 in coverage provided by the Travelers' policy. The Court finds there is no reasonably arguable possibility that Plaintiff will recover against the UIM policy provided by Progressive.

When a court determines that a nondiverse party has been improperly joined, thus preventing removal based on diversity, "that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party."[57]

## CONCLUSION

**IT IS ORDERED** that the Motion to Remand is denied.[58]

**IT IS FURTHER ORDERED** that the action against Progressive Security Insurance Company is dismissed without prejudice.[59]

**New Orleans, Louisiana, this 6th day of July, 2021.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[54] R. Doc. 34-8
[55] R. Doc. 34-1.
[56] *Id.*
[57] *IEVM v. United Energy Group, LTD.*, 818 F.3d 193, 209 (5th Cir. 2016).
[58] R. Doc. 24.
[59] Progressive's motion for summary judgment, at R. Doc. 21, is denied as moot.